IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Steven Lee Hewitt, Sr., | ) C/A No. 0:12-02720-MGL-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Dr. Philip Sinato; Ms. T. McCants; | ) |
| Ms. Sherisse D. Birch; and Ms. L. Lee, | ) |
| Defendants. | ) |

Plaintiff, Rev. Steven Lee Hewitt, Sr. ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as to Defendant Sherisse D. Birch. In a separately docketed order, the court has authorized service against the remaining defendants.

## BACKGROUND

The Complaint alleges that Plaintiff is being denied mental health treatment by the following Defendants: Dr. Philip Sinato, Lieber Psychiatrist; Ms. T. McCants, Lieber Treatment Team Supervisor; Sherisse D. Birch, Lieber Counselor; and Ms. L. Lee, Lieber

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Human Services Coordinator.  (Compl, ECF No. 1 at 2-3.)  Plaintiff claims that he has not received any therapy since July 26, 2010, and "gets to see the defendant Dr. Philip Sinato for 15 minutes 4 times a year."  (Id. at 4.)  Plaintiff alleges that the "whole treatment plan is based on drugs only," (id.), and that the defendants have allowed Plaintiff to go without his prescribed medication for up to ten days, or give Plaintiff "medication that is not his." (Id. at 9.)  Plaintiff also alleges numerous claims regarding prison conditions to include lack of recreation, limited food portions, and limited showers.[2]  (Id. at 5, 16.)  Plaintiff seeks monetary damages and injunctive relief.  (Id. at 17-18.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[2] It is noted that Plaintiff has a pending civil action in this court alleging unconstitutional prison conditions at Lieber Correctional Institution.  See Hewitt v. Ward, et al., Civil Action No. 0:12-02373-MGL-PJG (D.S.C. filed August 20, 2012).  However, the pending case does not name any of the defendants discussed in the instant Complaint.



action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

The Complaint alleges deliberate indifference to Plaintiff's mental health needs by the defendants. (ECF No. 1 at 4.) Plaintiff also claims that the denial of basic human needs constitutes cruel and unusual punishment. (Id. at 16.) The Complaint provides sufficient factual allegations to withstand summary dismissal of Defendants Sinato, McCants, and Lee from this case. However, this is the second civil action filed by Plaintiff in this court against Defendant Sherisse D. Birch, raising similar allegations. See Hewitt v. Birch, Civil Action No. 0:12-2230-MGL-PJG) (D.S.C. filed Aug. 7, 2012).[4] As in the instant Complaint, Plaintiff's pending case alleges a denial of mental health services by Defendant Birch since July 26, 2010. (Compare ECF No. 1 at 3 with C/A No. 0:12-2230-MGL-PJG, ECF No. 15 at 3.) Plaintiff's pending case also alleges that Defendant Birch's inadequate medical care constitutes cruel and unusual punishment. (Compare ECF No. 1 at 5 with C/A No. 0:12-2230-MGL-PJG, ECF No. 15 at 5.) Because Plaintiff's allegations against Defendant Birch are currently being addressed in a pending case before this court, the claims in the instant Complaint are duplicative, frivolous and subject to dismissal as to

---

[4] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



this defendant.  See Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); see also Aziz v. Burrows, 976 F.2d 1158 (8th Cir. 1992) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party".).  Therefore, in the interests of judicial economy and efficiency, Defendant Birch should be summarily dismissed from the instant action.  See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to Defendant Sherisse D. Birch.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 19, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).